UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LIGHTING & SUPPLIES, INC.,                                    :
                                                              :
                Plaintiff,                           :
                                                              :     **REPORT AND RECOMMENDATION**
              -against-                                 :
                                                              :     20 Civ. 2790 (FB) (VMS)
NEW SUNSHINE ENERGY SOLUTIONS INC.,                           :
NEW SUNSHINE MANUFACTURING CO.,                               :
LTD., SHENZHEN ZHAOPENG                                       :
TECHNOLOGY CO. LTD., DONGGUAN                                 :
ZHAOPENG LIGHTING TECHNOLOGY CO.                              :
LTD., and NEW SUNSHINE LIGHTING, INC.,                        :
                                                              :
                Defendants.                          :
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Lighting & Supplies, Inc. ("Plaintiff") brings this action against Defendants New Sunshine Energy Solutions Inc. ("NSES"); New Sunshine Manufacturing Co., Ltd. ("NSMC"); Shenzhen Zhaopeng Technology Co. Ltd. ("SZT"); Dongguan Zhaopeng Lighting Technology Co. Ltd. ("DZLT"); and New Sunshine Lighting, Inc. ("NSL") (collectively, "Defendants") alleging trademark infringement pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and supplemental claims under New York law. See ECF No. 1. Before the Court is Plaintiff's default judgment motion, referred for report and recommendation by the Honorable Frederic Block. See ECF No. 16. For the reasons that follow, this Court respectfully recommends that Plaintiff's motion be granted in part and denied in part without prejudice as to liability, and denied without prejudice as to damages, including the proposed accounting, attorneys' fees, costs, interest and injunctive relief.

1

I. BACKGROUND

    a. Factual Summary

The following facts are derived from Plaintiff's complaint, and documents incorporated by reference therein. See Complaint ("Compl."), ECF No. 1.

For over forty years, Plaintiff has been manufacturing and distributing various lighting and electrical products, including incandescent, fluorescent, LED and halogen bulbs and lamps under the names SUNSHINE, SUNLITE and SUN-LITE. Id. ¶ 11. Plaintiff is the owner of the following valid and subsisting United States Registration Numbers on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the trademarks SUNSHINE LIGHTING, Registration No. 3118583 (the "SUNSHINE Mark"); SUNLITE, Registration Nos. 4954218, 3614795, and 2627184 (collectively, the "SUNLITE Marks"); and SUN-LITE, Registration No. 4748580 (the "SUN-LITE Mark") (the SUNSHINE Mark, SUNLITE Marks and SUN-LITE Mark are collectively referred to as the "LSI Marks"). Id. ¶ 13; see id. Ex. A. Plaintiff, on its own and through licensees and authorized distributors, distributes and sells electrical and lighting products under the LSI Marks in wholesale and retail outlets, including home improvement stores and specialty stores targeting the general public and lighting specialists and contractors, as well as online, through various e-commerce sites. Id. ¶ 17. As a result of Plaintiff's expenditures and efforts, the LSI Marks have come to signify high quality in electrical and lighting products, and they have acquired reputation and goodwill belonging exclusively to Plaintiff. Id. ¶ 18. Plaintiff's LSI Marks are distinctive to both the consuming public and Plaintiff's trade, id. ¶ 19, and Plaintiff has aggressively and successfully enforced and protected its LSI Marks against infringers, id. ¶ 20.

Defendants are engaged in selling lighting products, including various electrical light

bulbs.  Id. ¶ 21.  Without Plaintiff's authorization, beginning after Plaintiff acquired rights in the LSI Marks, Defendants adopted and began using the tradenames "New Sunshine Lighting" and "New Sunshine" (collectively, the "Infringing Marks") under which they sell and distribute lighting supplies.  Id. ¶ 22.  Defendants' products are in direct competition with Plaintiff, thereby causing a likelihood of confusion among customers in the same channels of trade and leading to a false implication of a business relationship between Plaintiff and Defendants.  Id.  As such, purchasers are likely to purchase Defendants' goods bearing the Infringing Marks on the belief they are Plaintiff's, resulting in a loss of sales to Plaintiff.  Id. ¶ 23.

     Defendants have been engaged in the manufacture, distribution, advertising, promotion, offering for sale and sale of lighting and electrical products using the Infringing Marks throughout the United States.  Id. ¶ 24; see id. Ex. B.  The lighting and electrical products Defendants have manufactured, distributed, advertised, promoted, offered for sale and sold under the Infringing Marks are identical in nature to the LSI Marks, in competitive proximity to the LSI Marks, and within the same channels of trade as the LSI Marks, such as via retail e-commerce platforms.  Id. ¶ 25.  Defendants offer and sell their lighting and electrical products to lay consumers, as well as lighting and electrical professionals, under the Infringing Marks, identical to the consumers of the LSI Marks.  Id. ¶ 26.

     A free search on the USPTO's website, tess2.uspto.gov, would have revealed to Defendants the existence of the LSI Marks.  Id. ¶ 34.  Defendants were aware of and have used the USPTO's website, as they filed U.S. Trademark Application No. 87010385 on April 22, 2016.  Id. ¶ 37.  Upon information and belief, Defendants conducted a search on the USPTO's website and were aware of the LSI Marks.  Id. ¶ 36.  On April 22, 2020, Plaintiff's counsel sent a cease-and-desist letter to Defendants objecting to Defendants' use of the Infringing Marks.  Id. ¶

27. As of the date of the Complaint, Plaintiff's counsel had not received a response from Defendants. Id. Upon information and belief, Defendants have not complied with the demands set out in Plaintiff's counsel's cease-and-desist letter. Id. Defendants' continued infringing acts have caused, and are likely to continue to cause, confusion, mistake and deception among the relevant consuming public as to the source or origin of Defendants' electrical and lighting products and are likely to deceive the relevant consuming public into believing that Defendants' electrical and lighting products originate from, are associated or affiliated with, or otherwise authorized by Plaintiff. Id. ¶ 28. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of the LSI Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's electrical and lighting products to the Defendants. Id. ¶ 30. Unless restrained, Defendants' acts will continue to cause damage and immediate irreparable harm to Plaintiff and to Plaintiff's valuable reputation and goodwill. Id. ¶ 31.

    **b. Procedural History**

Plaintiff commenced this action by filing the Complaint. See Compl. Plaintiff timely moved to serve Defendants NSES and NSL (together, "Defaulting Defendants") by alternative means, or in the alternative, to extend Plaintiff's time to serve them pursuant to Federal Rule of Civil Procedure 4(m). See ECF No. 10 at 1-2. Plaintiff made multiple attempts to serve Defaulting Defendants, including by serving the Complaint via certified mail upon NSES and NSL, as well as Notices of Acknowledgement and Receipts, as permitted under Section 415.30 of the California Code of Civil Procedure. ECF No. 10-1 ¶¶ 4, 6-39; ECF No. 11 ¶¶ 7, 13-18. The Court held a telephone conference on Plaintiff's motion for alternative service on September 23, 2020. See Minute Entry 9/23/2020. After the time for Defaulting Defendants to submit a

written acknowledgement of receipt of summons lapsed pursuant to CCP § 415.30, the Court granted Plaintiff's motion to effect service on Defaulting Defendants by service upon the California Secretary of State, posting upon Defaulting Defendants' registered corporate addresses, certified mail to Defaulting Defendants' registered corporate addresses, and email to "order@newsunshine.net." See ECF No. 11 ¶ 11; Order dated 10/23/2020. On November 30, 2020, Plaintiff filed a declaration confirming proof of service upon Defaulting Defendants by the alternative means. See ECF No. 12.

Plaintiff requested entries of default for Defaulting Defendants. See ECF No. 13. The Clerk made an entry of default, and Plaintiff filed the instant motion for default judgment, which the Honorable Frederic Block referred for a report and recommendation. See ECF Nos. 14, 16. In its motion for default judgment against Defaulting Defendants, Plaintiff seeks findings of liability for violations of (i) Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (ii) Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);[1] (iii) False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);[2] (iv) Deceptive Trade Practices under New York General Business Law § 349 and New York General Business Law § 368(d); and (v) Deceptive Trade Practices under the statutory and

---

[1] Plaintiff writes in its motion for default judgment that it pursues its federal unfair-competition claim "[u]nder Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)," but an unfair-competition claim, also known as a false-designation-of-origin claim, should be brought pursuant to 15 U.S.C. § 1125(a), as alleged in the Complaint. See Compl. ¶¶ 1, 45; ECF No. 16-10 at 4; Roberto Coin, Inc. v. Goldstein, No. 18 Civ. 4045 (EK) (ST), 2021 WL 4502470, at *15 n.13 (E.D.N.Y. Sept. 30, 2021).

[2] Plaintiff writes in its motion for default judgment that it pursues its federal false-designation-of-origin claim "under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117," but those provisions detail the remedies available as alleged in the Complaint, and the statutory authority for a false-designation-of-origin claim is under 15 U.S.C. § 1125(a). See Compl. ¶¶ 1, 53; ECF No. 16-10 at 3, 5.

5

common laws of the State of New York.³  See generally ECF No. 16-10.

## II. DISCUSSION

### a. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record. See Fed. R. Civ. P. 55(a). Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b). The trial court has the "sound discretion" to grant or deny a motion for default judgment. See Enron Oil, 10 F.3d at 95. In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard"). The court must therefore ensure that (1) the plaintiff satisfied all required procedural steps in moving for default judgment, see Local Civ. R. 55.2; and (2) the plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

---

³ Discrepancies between the descriptions of Counts IV and V in the Complaint as compared to those in Plaintiff's memorandum of law in support of the instant motion are discussed infra, Sections II.c.iii-iv.

6

### b. Default Judgment

Service of the summons and Complaint upon Defaulting Defendants was proper, as Plaintiff complied with the Court's Order directing service by alternative means. See Order dated 10/23/2020; ECF No. 12. Plaintiff complied with the procedural requirements of moving for a default judgment by requesting and obtaining entries of default for Defaulting Defendants. See ECF Nos. 13-14. Plaintiff also complied with the requirement of mailing and emailing to Defaulting Defendants all of the default judgment papers submitted to the Court. See Local Civ. R. 55.2(c); ECF No. 17. Thus, the Court turns to evaluating whether Plaintiff's allegations in the Complaint, when accepted as true, establish liability as a matter of law.

### c. Liability

Entry of a default judgment constitutes admission of all well-pleaded allegations, except those pertaining to the amount of damages. See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "[C]onclusory allegations based on information and belief" will not suffice to support a finding of default-based liability. J & J Sports Prods., Inc. v. Daley, No. 06 Civ. 238 (ERK) (JO), 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb. 15, 2007), R&R adopted, 2007 U.S. Dist. LEXIS 49844 (E.D.N.Y. Mar. 20, 2007). "[A]llegations on information and belief may be sufficient to hold defendant individually liable on default judgment where they state facts primarily within the defendant's knowledge." Sciascia v. Prime Protective Servs., Inc., No. 13 Civ. 800 (ADS) (AKT), 2014 WL 940721, at *5 (E.D.N.Y. Mar. 11, 2014) (collecting cases).

#### i. Counts I And III: Federal Trademark Infringement and False Designation Of Origin Against Defaulting Defendants

Defaulting Defendants are liable for trademark infringement if Plaintiff establishes that they "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered

7

mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a).  Defaulting Defendants are liable for false designation of origin if Plaintiff establishes that they "use[] in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." Id. § 1125(a)(1).

Claims for false designation of origin and trademark infringement "are both governed by the same legal standard." Am. Auto. Ass'n, Inc. v. Limage, No. 15 Civ. 7386 (NGG) (MDG), 2016 WL 4508337, at *2 (E.D.N.Y. Aug. 26, 2016).  To state a claim for either cause of action, Plaintiff must establish "that it owns a valid trademark, that [Defaulting Defendants] used the trademark in commerce, and that [Defaulting Defendants'] use of that mark is likely to cause confusion regarding the source of the relevant product or services." Whirlpool Props. v. Menpin Supply Corp., No. 19 Civ. 2722 (ENV) (JO), 2020 U.S. Dist. LEXIS 183459, at *7 (E.D.N.Y. Sep. 30, 2020) (citing Mitchell Grp. USA LLC v. Udeh, No. 14 Civ. 5745 (DLI) (JO), 2017 WL 9487193, at *3 (E.D.N.Y. Mar. 8, 2017)) (further citations omitted).

Courts evaluate the likelihood of confusion by considering the following eight factors: (1) strength of the plaintiff's mark; (2) the degree of similarity between the two marks; (3) the proximity of the products in the marketplace; (4) the likelihood that the plaintiff will bridge the gap between the products (enter a market related to that in which the defendant sells its product); (5) evidence of actual confusion; (6) the defendant's bad faith; (7) quality of the defendant's

8

product; and (8) sophistication of the relevant consumer group.  See Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961).  No factor is dispositive; instead, courts consider the totality of the circumstances.  See Limage, 2016 WL 4508337, at *3.

The Complaint's unrebutted factual allegations suffice to establish Plaintiff's trademark-infringement and false-designation-of-origin Lanham Act claims.  First, Plaintiff has alleged that its various marks are registered with the USPTO.  See Compl. ¶ 13.  Second, Plaintiff has alleged that Defaulting Defendants made unauthorized uses of substantially similar marks in commerce.  See id. ¶¶ 22, 24-26 & Ex. B.  As discussed below, the likelihood-of-confusion factors weigh heavily in Plaintiff's favor, compelling the conclusion that consumers are likely to be confused by Defaulting Defendants' use of the Infringing Marks.

As to the first factor, the LSI Marks are presumed to be strong by virtue of being registered.  See Doctor's Assocs. LLC v. Hai, No. 19 Civ. 1968 (NGG) (RER), 2019 WL 3330242, at *4 (E.D.N.Y. May 13, 2019) (citing Century 21 Real Estate LLC v. Becerosa Corp., 666 F. Supp. 2d 274, 282 (E.D.N.Y. 2009)), R&R adopted as modified, 2019 WL 2385597 (E.D.N.Y. June 6, 2019).  Plaintiff has devoted substantial time and resources to developing goodwill in its marks and to causing consumers to associate it with its high-quality goods.  See Compl. ¶ 18.  As to similarity, Plaintiff owns U.S. registrations for SUNSHINE LIGHTING, SUNLITE and SUN-SHINE in standard characters and Defaulting Defendants use the tradenames "New Sunshine Lighting" and "New Sunshine."  See id. ¶¶ 13, 22 & Ex. A.  Under Museum of Modern Art v. MOMACHA IP LLC, there is similarity between the parties' marks since (i) the marks share the prefix SUN; (ii) the marks sound similar at least in that the first syllable is identical; and (iii) the meanings are similar in that "Sunshine" comes from sunlight.  See 339 F. Supp. 3d 361, 375-76 (S.D.N.Y. 2018).

9

With regard to the proximity of the products in the marketplace and the likelihood that Plaintiff will bridge the gap between the products, Plaintiff's registrations include various lights, bulbs and lamps, along with other lighting and electrical supplies. See Compl. ¶ 11. Defaulting Defendants' light bulbs and electrical products are either bulbs or "used together" with lights, bulbs and lamps, and they are in the same general class as Plaintiff's products. See id. ¶¶ 21-22 & Ex. B; Museum, 339 F. Supp. 3d at 377 (citing Lang v. Ret. Living Pub. Co., 949 F.2d 576, 582 (2d Cir. 1991)) ("To the extent goods (or trade names) serve the same purpose, fall within the same general class, or are used together, the use of similar designations is more likely to cause confusion."). As to likelihood of confusion, while Defaulting Defendants' default has prevented Plaintiff from receiving evidence in discovery, the fact that Defaulting Defendants' products are very similar to Plaintiff's relevant products easily supports the inference that consumer confusion will result.

Defaulting Defendants demonstrated bad faith by continuing to engage in infringing conduct after receiving a demand to stop engaging in such conduct. See Compl. ¶¶ 27-29. The quality factor also weighs in Plaintiff's favor. Plaintiff puts substantial resources into maintaining high quality in their lamps and bulbs, but because they have no control over the quality of Defaulting Defendants' bulbs, there is no reason to believe those same resources are invested in the quality of Defaulting Defendants' copycat bulbs. See id. ¶¶ 12, 18. Regarding the sophistication of consumers, the bulbs are both prevalent and sold to the general public. See id. ¶ 17. There is no evidence offered to show that an average consumer would have the specialized knowledge or wherewithal to avoid confusion between a copycat bulb bearing the Infringing Marks and the genuine product. Therefore, the final factor also weighs in Plaintiff's favor. Considering all of these likelihood-of-confusion factors together, I respectfully

recommend that the Court grant Plaintiff's request for default judgment on liability for Counts I and III.

### ii. Count II: Federal Unfair Competition Against Defaulting Defendants

The Complaint describes Count II as "Federal Unfair Competition Against All Defendants." Compl. at 10. The Complaint describes liability pertaining to Count II as "Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)," and that Plaintiff is entitled to various forms of relief pursuant to "Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117." See id. ¶¶ 45, 47. Section B of Plaintiff's memorandum of law in support of its motion for default judgment refers to Count II as "Unfair Competition Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)." ECF No. 16-10 at 4.

Regardless of the typographical errors between the Complaint and Plaintiff's memorandum of law in support of the instant motion, "there is no specific Federal cause of action for unfair competition. Instead unfair competition under the Lanham Act is a category of claims consisting primarily of causes of action for false designation of origin and false advertising." Sussman-Automatic Corp. v. Spa World Corp., 15 F. Supp. 3d 258, 272-73 (E.D.N.Y. 2014) (quoting Pot Luck, LLC v. Freeman, No. 06 Civ. 10195 (DAB), 2009 WL 693611, at *4 (S.D.N.Y. Mar. 10, 2009)); accord Roberto Coin, 2021 WL 4502470, at *15 n.13 (E.D.N.Y. Sept. 30, 2021) ("[A]n unfair competition claim [is] also known as a false designation of origin claim, [and] is brought pursuant" to the same statute.). This Court has already recommended Plaintiff be granted a default judgment with respect to liability on Count III, which is Plaintiff's federal false-designation-of-origin claim. See, supra, Section II.c.i. I respectfully recommend the Court deny Plaintiff's request for default judgment on liability for

11

Count II with leave to renew if Plaintiff can clarify that this is a separate claim from Count III, as well as its position and legal argument with respect to same. I respectfully recommend that if Plaintiff's pleading is flawed as to this claim, it be granted leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted.

### iii. Count IV: Deceptive Trade Practices Under New York General Business Law § 349 And New York General Business Law § 368(d) Against Defaulting Defendants[4]

The Complaint describes Count IV as "New York State Trademark Infringement Against All Defendants." Compl. at 12. The Complaint describes liability pertaining to Count IV as "Defendants' conduct therefore constitutes trademark infringement in violation of N.Y. Gen. Bus. Law § 360-k," and the Complaint states that Plaintiff is therefore entitled to various forms of relief under N.Y. Gen. Bus. Law § 360-m(1). See id. ¶¶ 55, 58. Section D of Plaintiff's memorandum of law in support of its motion for default judgment refers to Count IV as "Deceptive Trade Practices under New York General Business Law § 349 and New York General Business Law § 368(d)," see ECF No. 16-10 at 5, and explains the basis of liability for Defaulting Defendants on Count IV as "violat[ing] the operative deceptive trade practices statutes, under New York General Business Law § 349 and New York General Business Law § 368(d)," see id. at 6.

Count IV as described in the Complaint and Count IV as described in Plaintiff's memorandum of law in support of its motion for default judgment refer to different New York statutes and claims which create separate substantive grounds for liability. As such, the Court finds that the argument Plaintiff makes in support of its motion for default judgment does not address why the Court should impose liability on Defaulting Defendants for Count IV of the

---

[4] As described in Plaintiff's memorandum of law in support of its motion for summary judgment. See ECF No. 16-10 at 5.

12

Complaint. I respectfully recommend that the Court deny Plaintiff's request for default judgment on liability for Count IV with leave to renew if Plaintiff can clarify its position and legal argument with respect to same. I respectfully recommend that if Plaintiff's pleading is flawed as to this claim, it be granted leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted.

        **iv. Count V: Deceptive Trade Practices Under The Statutory And Common Laws Of The State Of New York Against Defaulting Defendants[5]**

The Complaint describes Count V as "New York State and Common Law Unfair Competition Against All Defendants." Compl. at 13. The Complaint describes liability pertaining to Count V as "Defendants' unauthorized use of unfair competition and deceptive trade practices under N.Y. Gen. Bus. Law § 349(h)," see id. ¶ 61, and the Complaint states that Plaintiff is therefore entitled to various forms of relief under N.Y. Gen. Bus. Law § 349(h), see id. ¶ 64. In Section E of Plaintiff's memorandum of law in support of its motion for default judgment, Plaintiff argues that Defaulting Defendants' actions "constitute unfair competition and unfair deceptive trade practices under N.Y. Gen. Bus. Law § 349(h)," and, therefore, "Plaintiff has established it is entitled to" various forms of relief under N.Y. Gen. Bus. Law § 349(h). See ECF No. 16-10 at 7. It appears that Plaintiff's memorandum of law in support of its motion for default judgment is arguing for liability on two types of claims under Count V—unfair competition under New York common law and deceptive trade practices under New York statutory law. See ECF No. 16-10 at 6-7.

As to the New York common law unfair-competition claim, "[t]he standards for unfair

---

[5] As described in Plaintiff's memorandum of law in support of its motion for summary judgment. See ECF No. 16-10 at 6.

13

competition claims under . . . New York law are the same as those governing trademark infringement claims under the Lanham Act, 'except the common law [unfair-competition claim] requires a showing of bad faith or intent.'" Turn On Prods., Inc. v. Almost Famous Apparel, LLC, No. 18 Civ. 625 (ILG) (RER), 2019 WL 2436297, at *3 (E.D.N.Y. Apr. 12, 2019) (quoting Fed. Exp. Corp. v. JetEx Mgmt. Servs., Inc., No. 13 Civ. 4431 (CBA) (RER), 2014 WL 4628910, at *3 (E.D.N.Y. May 8, 2014), R&R adopted, 2014 WL 4628983 (E.D.N.Y. Sept. 15, 2014)) (further citations omitted). The unrebutted allegations establish that Defaulting Defendants acted with bad faith or intent. Plaintiff alleges that Defaulting Defendants' conduct was "willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of [Defaulting] Defendants with Plaintiff." See Compl. ¶ 62. Plaintiff further alleges that Defaulting Defendants' "acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's electrical and lighting products to [Defaulting] Defendants." See id. ¶ 30. Defaulting Defendants did not cease their infringing conduct despite Plaintiff's request to do so. See id. ¶¶ 27-28. As Plaintiff has established Defaulting Defendants' liability for federal trademark infringement, as well as their bad faith and deceptive conduct, I respectfully recommend that the Court find liability established as to the unfair-competition claim.

As to N.Y. Gen. Bus. Law § 349, I conclude that the Complaint's unrebutted allegations do not suffice to establish Defaulting Defendants' liability under New York's statutory prohibition of deceptive business practices. "[T]he majority view in this Circuit is that trademark . . . infringement claims are not cognizable under [N.Y. Gen. Bus. Law § 349] unless there is a specific and substantial injury to the public interest over and above ordinary trademark

14

infringement[.]" Philip Morris USA Inc. v. U.S. Sun Star Trading, Inc., No. 08 Civ. 68 (KAM) (JO), 2010 WL 2133937, at *6 (E.D.N.Y. Mar. 11, 2010) (quoting Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., No. 07 Civ. 6965 (DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009)), R&R adopted, 2010 WL 2160058 (E.D.N.Y. May 27, 2010); accord N. Atl. Operating Co., Inc. v. Evergreen Distributors, LLC, No. 13 Civ. 4974 (ERK) (VMS), 2015 WL 13856995, at *10 (E.D.N.Y. Jan. 5, 2015) (finding insufficient allegation of "only the type of harm ordinarily attributed to trademark infringement, such as consumer confusion and loss of goodwill" as opposed to "allegations of a greater injury, such as a threat to public health or safety."), R&R adopted, Order dated 1/28/2015; Gross v. Bare Escentuals Beauty, Inc., 632 F. Supp. 2d 293, 299 (S.D.N.Y. 2008) ("Consumer confusion as to the source of the product does not create a cause of action under this statute. Danger to the public safety and health does."). The Complaint does not contain allegations of a specific and substantial injury to the public interest, and in its motion for default judgment, Plaintiff does not make an argument regarding the same.

I respectfully recommend that the Court grant Plaintiff's request for default judgment on liability for Count V, to the extent liability is premised on New York common law unfair competition only. I respectfully recommend that the Court deny Plaintiff's request for default judgment on liability as to the deceptive business practices claim under New York statutory law, with leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted, if Plaintiff can make the requisite factual allegations.

### III. DAMAGES AND ATTORNEYS' FEES AND COSTS

If the complaint suffices to establish liability, the court is left to conduct an inquiry to establish damages to a "reasonable certainty." Credit Lyonnais Secs., 183 F.3d at 155 (citing

15

Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "[A]lthough the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989). The evidence a movant must provide in regards to damages is evidence that "the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992) (citation omitted).

In order to justify an award of attorneys' fees under the Lanham Act, the prevailing party must also show that the case is an "exceptional" one. The Supreme Court has explained that an "exceptional case"

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). Under this standard, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." Id. at 555. When evaluating whether a case is "exceptional," district courts have "wide latitude" to "engage in a 'case-by-case exercise of their discretion, considering the totality of the circumstances.'" 4 Pillar Dynasty LLC v. N.Y. & Co., Inc., 933 F.3d 202, 215 (2d Cir. 2019) (quoting Octane Fitness, 572 U.S. at 554). "Although the Second Circuit has not specifically addressed whether a default is considered 'unreasonable' conduct under Octane Fitness, the Court shares the view of other courts in this district that a [d]efendant's default — standing alone — is not 'exceptional.'" Antetokounmpo v. Costantino, No. 21 Civ.

16

2198 (JMF) (JLC), 2021 WL 5916512, at *7 (S.D.N.Y. Dec. 15, 2021) (collecting cases) (internal quotation marks omitted), R&R adopted, 2022 WL 36232 (S.D.N.Y. Jan. 4, 2022).

To recover attorneys' fees, a party must supply time records, which "specify, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see Sheet Metal Workers Nat'l Pension Fund v. Skye Sheet Metal, Inc., No. 08 Civ. 1315 (DRH) (AKT), 2010 WL 3119783, at *9 (E.D.N.Y. Jun. 22, 2010) ("A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." (citation omitted)), R&R adopted, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).  A plaintiff may recover "the costs of the action" if "adequate documentation" is provided to the court. See 15 U.S.C. § 1117(a); Mitchell Grp. USA LLC, 2017 WL 9487193, at *11.

The instant motion does not contain a legal argument regarding Plaintiff's entitlement to damages, attorneys' fees and costs, or as to what the amounts of each should be. See ECF No. 16-10 at 5, 7.  It also does not contain any supporting documentation.  Additional legal briefing and then an inquest hearing or a sufficient factual submission would be necessary to determine the amount of damages, attorneys' fees and costs that Plaintiff is due, if any.  If Plaintiff were seeking statutory damages, the Court would need comparative legal argument to help assess the reasonableness of any amount requested.  As noted above, Plaintiff may wish to file an amended complaint to cure the defects noted above.  If Plaintiff files an amended complaint, it would need to take all the necessary procedural steps to proceed with the case, and, if Defaulting Defendants again fail to appear, then move for a default judgment again, including a new request for

damages and/or attorneys' fees and costs. Any such request would need to be supported by the proper legal argument and documentation. See Greyhound Exhibitgroup, 973 F.2d at 159; N.Y. State Ass'n for Retarded Children, 711 F.2d at 1148; Mitchell Grp. USA LLC, 2017 WL 9487193, at *11. If Plaintiff elects not to file an amended complaint, I respectfully recommend that Plaintiff be permitted to make a motion for damages and attorneys' fees and costs as to the counts for which liability is granted, supported by the proper legal argument and documentation within 21 days of the adoption of this report and recommendation, if it is adopted.

## IV. INJUNCTIVE RELIEF

A plaintiff seeking a permanent injunction on a motion for a default judgment must show that it is entitled to injunctive relief under the applicable statutes and that it meets the prerequisites for issuance of an injunction. See Brydge Techs. LLC v. Ogadget LLC, No. 19 Civ. 5692 (EK) (CLP), 2021 WL 1200316, at *5 (E.D.N.Y. Mar. 4, 2021) (citing Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp., 954 F. Supp. 2d 145, 157 (E.D.N.Y. 2013)), R&R adopted, 2021 WL 1193003 (E.D.N.Y. Mar. 30, 2021). The prerequisites are: "(1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). Here, Plaintiff seeks that the Court, as part of its grant of default judgment, grant its request for injunctive relief. See ECF No. 16-10 at 3. Plaintiff does not present any meaningful legal argument on its alleged entitlement to injunctive relief. See id. at 5, 7. I respectfully recommend that the Court deny Plaintiff's request for injunctive relief with leave to renew if Plaintiff can clarify its position and legal argument with

respect to same. I also respectfully recommend that if Plaintiff's pleading is flawed as to this relief, it be granted leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted.

## V. CONCLUSION

For the reasons stated above, this Court respectfully recommends that the District Court grant Plaintiff's motion for default judgment on liability with respect to Count I, Count III and Count V, to the extent liability for Count V is premised on New York common law unfair competition only. This Court respectfully recommends denying without prejudice Plaintiff's motion for default judgment on liability with respect to Count II, Count IV and the claim for deceptive trade practices under N.Y. Gen. Bus. Law § 349 as part of Count V. This Court also respectfully recommends that the Court deny without prejudice Plaintiff's request for injunctive relief. I also respectfully recommend that Plaintiff be granted leave to file an amended complaint as to the denied claims and relief within 21 days of the adoption of this report and recommendation, if it is adopted. If Plaintiff files an amended complaint, I respectfully recommend that Plaintiff be granted leave to serve the amended complaint through the methods provided in the Court's October 23, 2020 Order on alternative service. If Plaintiff elects not to file an amended complaint, I respectfully recommend that, to the extent Plaintiff's Complaint is legally sufficient, Plaintiff be granted leave to renew its motion for default judgment as to the denied claims and/or make a motion for damages, attorneys' fees and costs, and/or injunctive relief within 21 days of the adoption of this report and recommendation, if it is adopted. On any such motion, Plaintiff must submit appropriate documentation and legal briefing, as necessary and as required by the Local Rules, and it must be served on Defaulting Defendants as provided for in the Court's October 23, 2020 Order.

## VI. OBJECTIONS

This report and recommendation will be filed electronically. The Court will mail a copy of this report and recommendation to Defaulting Defendants at: New Sunshine Lighting, Inc., 15344A Valley Blvd., City of Industry, CA 91746; New Sunshine Energy Solutions Inc., 15344A Valley Blvd., City of Industry, CA 91746; New Sunshine Lighting, Inc., 13321 Garden Grove Blvd. North, Garden Grove, CA 92843; and New Sunshine Energy Solutions Inc., 13321 Garden Grove Blvd. North, Garden Grove, CA 92843. The Court will also email a copy of this report and recommendation to Defaulting Defendants at "order@newsunshine.net."

Written objections to this report and recommendation must be filed with the Clerk of the Court within the time permitted after service of the report and recommendation, and in accordance with the Individual Rules of the District Judge. Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this report and recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
February 10, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge