```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
LIGHTING & SUPPLIES, INC.,

                    Plaintiff,

    -against-

NEW SUNSHINE ENERGY
SOLUTIONS INC., NEW SUNSHINE
MANUFACTURING CO., LTD.,
SHENZHEN ZHAOPENG
TECHNOLOGY CO. LTD.,
DONGGUAN ZHAOPENG LIGHTING
TECHNOLOGY CO. LTD, and NEW
SUNSHINE LIGHTING, INC.,

                    Defendants.
-------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-2790-FB-VMS

**BLOCK, Senior District Judge:**

On February 10, 2022, Magistrate Judge Vera M. Scanlon issued a Report and Recommendation ("R&R") recommending that default judgment against Defendants New Sunshine Energy Solution Inc., New Sunshine Manufacturing Co., Ltd., Shenzhen Zhaopeng Technology Co. Ltd, Dongguan Zhaopeng Lighting Technology Co. Ltd, and New Sunshine Lighting, Inc. (collectively, "Defendants") be granted in part and denied in part without prejudice as to liability, and denied without prejudice as to damages and injunctive relief.

1

Lighting & Supplies, Inc., ("Plaintiff") alleged trademark infringement pursuant to Section 32(1) of the Lanham Act, unfair competition and false designation of origin under Section 43(a) of the Lanham Act, and supplemental claims under New York law.

Magistrate Judge Scanlon recommended granting default judgment on liability for Counts I, III, and V to the extent it is premised on New York common law unfair competition; denying default judgment on liability for Counts II, IV, and V to the extent it is premised on a deceptive business practices claim under New York statutory law; and denying request for injunctive relief without prejudice. The Magistrate Judge also recommended granting Plaintiff leave to file an amended complaint as to the denied claims and relief within 21 days of the adoption of the R&R. If Plaintiff chooses not to file an amended complaint, Plaintiff may make a motion for damages, attorneys' fees, and costs as to the counts for which liability is granted within 21 days of the adoption of the R&R.

Magistrate Judge Scanlon's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. No objections were filed.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and

2

recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

    Accordingly, the Court adopts the R&R without de novo review.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 14, 2022