UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIGHTING & SUPPLIES, INC.,

               Plaintiff,

   -against-

NEW SUNSHINE ENERGY SOLUTIONS
INC., NEW SUNSHINE
MANUFACTURING CO., LTD.,
SHENZHEN ZHAOPENG TECHNOLOGY
CO. LTD., DONGGUAN ZHAOPENG
LIGHTING TECHNOLOGY CO. LTD., and
NEW SUNSHINE LIGHTING, INC.,

               Defendants.

---

**MEMORANDUM AND ORDER**

Case No. 20-CV-2790 (FB) (VMS)

*Appearances:*
*For the Plaintiff*:
ANDREW BOCHNER
Bochner IP, PLLC
295 Madison Ave 12th Floor
New York, NY 10017

JONATHAN L. ADLER
JACOB E. LEWIN
Stein Adler Dabah Zelkowitz LLP
1633 Broadway 46th Floor
New York, NY 10019

**BLOCK, Senior District Judge:**

On March 15, 2023, Magistrate Judge Vera M. Scanlon issued a Report and

Recommendation ("R&R") recommending that Plaintiffs' motion for damages be

granted in part and denied in part. Plaintiff filed this action against Defendants

New Sunshine Energy Solutions Inc. ("NSES"), New Sunshine Manufacturing Co., Ltd. ("NSMC"), Shenzhen Zhaopeng Technology Co. Ltd. ("SZT"); Dongguan Zhaopeng Lighting Technology Co. Ltd. ("DZLT"), and New Sunshine Lighting, Inc. ("NSL") (collectively, "Defendants"), alleging trademark infringement pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and supplemental claims under New York law.

On February 10, 2022, Magistrate Judge Scanlon recommended that this Court grant Plaintiff's motion for default judgment on liability with respect to Counts I, III, and V, and deny without prejudice Plaintiff's request for injunctive relief. This Court adopted Magistrate Scanlon's March 10 recommendation after no parties objected. In the instant motion, Plaintiff seeks statutory damages of $50,000 per infringed mark from Defendants NSL and NSES, as well as attorneys' fees and costs. Magistrate Judge Scanlon recommends this motion be granted in part and denied in part.

Specifically, the R&R recommends awarding Plaintiffs the following damages: (1) $250,000, which is equivalent to $50,000 for each of the five infringed marks; (2) $1,692.35 in costs; and (3) post-judgment interest on those awards "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board

of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" under 28 U.S.C. § 1961(a). The R&R recommends denying Plaintiff's request for attorney's fees. The R&R also recommends dismissing Defendants NSMC, SZT, and DZLT from this action because Plaintiff has waived any claim for damages against them, as well as the claims as to which Plaintiff has failed to timely move for a default judgment as to damages or claims for injunctive relief.

Magistrate Judge Scanlon's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal, precluding further review either by this Court or the Court of Appeals. No objections were filed. If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review and directs

the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

　/S/ Frederic Block＿＿＿＿＿＿＿
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 29, 2023